LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
  David D. Troutman (Bar No. 261556)
*perry.viscounty@lw.com*
*david.troutman@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
(714) 540-1235 / (714) 755-8290 Fax

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
*jennifer.barry@lw.com*
600 West Broadway, Suite 1800
San Diego, California  92101-3375
(619) 236-1234 / (619) 696-7419 Fax

Attorneys for Plaintiff
SKULLCANDY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKULLCANDY, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ZEIKOS, INC., a New York corporation; and DOES 1-10,<br><br>        Defendants. | CASE NO.  **SACV12 - 01572 AG (JPRx)**<br><br>Complaint For:<br><br>(1) Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)<br><br>(2) Unfair Competition/False Designation Of Origin (Lanham Act, 15 U.S.C. § 1125(a))<br><br>(3) Patent Infringement  (35 U.S.C. §271)<br><br>(4) Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)<br><br>(5) Common Law Trademark Infringement<br><br>(6) Common Law Unfair Competition<br><br>(7) Declaratory Relief<br><br>**Demand For Jury Trial** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\1473055.2

Complaint
Demand for Jury Trial

1   Plaintiff Skullcandy, Inc. ("Skullcandy"), for its Complaint against Zeikos,

2   Inc. ("Zeikos") and Does 1-10 (the "Doe Defendants") (collectively,

3   "Defendants"), alleges as follows:

4   **Nature of Action**

5   1.   Skullcandy manufactures, markets and sells headphones, ear buds,

6   speaker docks, audio accessories, and other audio-enabled lifestyle products.  Since

7   its founding in 2003, Skullcandy has established itself as an innovative force in the

8   headphone market, including because of its unique emphasis on stylizing a

9   previously-commoditized product.  Indeed, Skullcandy's innovative products and

10  distinctive brand reflect the collision of music, fashion, and sports lifestyles.  As a

11  result of its innovative efforts reflected in the quality and style of its products,

12  Skullcandy has developed an outstanding, and hard-earned, reputation in the

13  consumer electronics field as well as an extremely loyal and large customer base.

14  2.   Skullcandy's efforts and creative achievements have resulted in

15  broad intellectual property protection for Skullcandy's innovations, including

16  various patents and trademarks.  Nevertheless, Skullcandy's innovations and

17  distinctively styled and branded products have been the subject of emulation by

18  some of its competitors (or would-be competitors), who have attempted to

19  unlawfully capitalize on Skullcandy's success.  Zeikos is one such infringer.

20  3.   Zeikos boldly markets and sells audio products that blatantly

21  imitate Skullcandy's products—in name, appearance, or both—in an attempt to

22  improperly profit from Skullcandy's innovations and hard-earned reputation and

23  goodwill.  For example, Zeikos's "iHip" product line includes (a) headphones that

24  are virtually identical to the patented design of Skullcandy's Aviator line of

25  headphones, (b) audio products that are marketed and sold under the name SKULL

26  BREAKER, including earphones and headphones that bear the image of a skull

27  without a lower jaw (like Skullcandy's iconic skull logo), and a speaker dock that

28  is shaped like a skull without a lower jaw, and (c) skull-shaped earphones that are

1   marketed and sold under the name "Skull Earphone."

2        4.      By this action, Skullcandy seeks to put a stop to Defendants'

3   unlawful conduct and obtain compensation for the violations that have occurred

4   thus far.

5                              **The Parties**

6        5.      Skullcandy is a Delaware corporation, having its principal places of

7   business in Park City, Utah and San Clemente, California.  Skullcandy's principal

8   executive offices are located at 1441 Ute Blvd, #250, Park City, Utah  84098.

9        6.      On information and belief, Zeikos, Inc. is a New York corporation,

10  having its principal place of business at 20 West 33rd Street, 6th Floor, Brooklyn,

11  New York 11232.

12       7.      Skullcandy is ignorant of the true names of Doe Defendants 1

13  through 10, inclusive, and therefore sues those defendants by such fictitious names.

14  Skullcandy is informed and believes, and on that basis alleges, that Doe

15  Defendants 1 through 10, inclusive, are responsible for the acts alleged in this

16  Complaint.  When the true names of such fictitious defendants are ascertained,

17  Skullcandy will seek leave of this Court to amend this Complaint to name those

18  individuals or entities.

19       8.      Skullcandy is informed and believes, and on that basis alleges, that

20  each of the Defendants was the agent and employee of the remaining Defendants

21  and, at all times mentioned, acted within the course and scope of such agency and

22  employment.

23                       **Jurisdiction and Venue**

24       9.      This is a civil action alleging trademark infringement, false

25  designation of origin, and unfair competition under the Lanham Act, 15 U.S.C.

26  §§ 1114(a), 1125(a); patent infringement under 35 U.S.C. § 271; unfair

27  competition under California Business & Professions Code §§ 17200 *et seq*.;

28  California common law trademark infringement and unfair competition; and

1    declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

2         10.    Pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), this Court

3    has subject matter jurisdiction over Skullcandy's claims for relief for violation of

4    the federal trademark, patent and unfair competition statutes.  Pursuant to 28

5    U.S.C. § 1338(b), this Court has supplemental jurisdiction over Skullcandy's state

6    law unfair competition claims, in that the claims are joined with substantial and

7    related claims under the Lanham Act.  This Court also has supplemental

8    jurisdiction over Skullcandy's state law claims pursuant to 28 U.S.C. § 1367(a), in

9    that all of Skullcandy's claims arise out of a common nucleus of operative facts.

10        11.    This Court has personal jurisdiction over Defendants because, on

11   information and belief, Defendants have conducted substantial business in the State

12   of California and attempted to derive financial benefits from residents of the State

13   of California, including by marketing and selling their products to residents of the

14   State of California and otherwise placing infringing products into the stream of

15   commerce, with the knowledge or understanding that such products are sold in the

16   State of California, including within this District.

17        12.    Venue in this Court is proper under 28 U.S.C. § 1391(b), (c),

18   because, on information and belief, Defendants transact business within this

19   District and have marketed and sold in this District products that infringe

20   Skullcandy's intellectual property rights, and a substantial part of the events giving

21   rise to the claims alleged in this Complaint occurred in this District.

22                    **Facts Common to All Claims for Relief**

23                    ***Skullcandy's Intellectual Property Rights***

24        13.    Since at least as early as 2003, Skullcandy has developed and

25   continuously used the following skull-shaped logo on or in connection with various

26   goods, including but not limited to headsets, headphones, ear buds, earphones,

27   speakers, clothing, hats, backpacks, and other accessories, in interstate commerce

28   throughout the United States and throughout the world ("the Skullcandy Logo"):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



14.     Skullcandy is the owner of a number of federal trademark registrations on the Skullcandy Logo, including Federal Trademark Registration No. 3,168,754 (the "'754 Registration") which specifically covers use of the Skullcandy Logo in connection with, among other things, headphones, earphones, and portable listening devices in Class 9.

15.     Since at least as early as 2003, Skullcandy has developed and continuously used the term "SKULLCANDY" on or in connection with various goods, including but not limited to headsets, headphones, ear buds, earphones, speakers, clothing, hats, backpacks, and other accessories, in interstate commerce throughout the United States and throughout the world.

16.     Skullcandy is the owner of a number of federal trademark registrations on the term "SKULLCANDY," including Federal Trademark Registration No. 3,168,695 (the "'695 Registration") which specifically covers use of the "SKULLCANDY" mark in connection with, among other things, headphones, earphones, and portable listening devices in Class 9.

17.     As a result of Skullcandy's continuous use of the Skullcandy Logo (including the '754 Registration) and the SKULLCANDY mark (including the '695 Registration), the Skullcandy Logo and SKULLCANDY mark have become assets of substantial value to Skullcandy as distinctive indicators of the origin and quality of Skullcandy's products, such as those depicted below:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

4

Complaint
Demand for Jury Trial



18.     Since at least as early as April 15, 2005, Skullcandy has developed and continuously used the "SKULLCRUSHER" mark on or in connection with various goods, including but not limited to headsets, headphones, and earphones, in interstate commerce throughout the United States and throughout the world, such as the product depicted below:



19.     As a result of Skullcandy's long and continuous actual use of the SKULLCRUSHER mark, Skullcandy has developed extensive common law rights in the SKULLCRUSHER mark.

20.     Skullcandy has also protected its innovative designs through design patents issued by the United States Patent and Trademark Office, including U.S.

1   Patent Number D650,356 (the "'D356 Patent"), which bears the title "Eyeglass

2   Shaped Headphones" and claims the ornamental design for eyeglass shaped

3   headphones as shown and described therein, and U.S. Patent Number D665,776,

4   which bears the title "Ear Cup for Eyeglass Shaped Headphones" and claims the

5   ornamental design for ear cup for eyeglass shaped headphones (the "'D776

6   Patent").

7                    *Defendants' Infringing Products and Activities*

8        21.    Rather than innovate and develop its own distinctive style and

9   brand, Zeikos has chosen to improperly piggyback on Skullcandy's success and

10  reputation by offering a number of products, including headphones, earphones, ear

11  buds, and speakers that incorporate various iterations of the word "Skull"

12  (including the words "Skull Breaker") and make prominent use of various skull

13  logos and designs, such as those depicted below:

14

| Product Name | Product Image |
|---|---|
| Skull Breaker DJ-Style Headphones |  |

| Product Name | Product Image |
|---|---|
| Skull Breaker Earphones |  |
| Skull Earphones with LED Light |  |
| Skull Breaker Dual Speakers |  |

22.   Defendants' above-described use of (i) iterations of the word "Skull" (including the words "Skull Breaker") and (ii) various skull logos and designs, is likely to cause confusion, to cause mistake, or to deceive the consuming

1 public as to an affiliation, connection, or association between Skullcandy and

2 Defendants, or as to the origin, sponsorship, or approval of Defendants' goods.

3       23.    Zeikos filed a federal trademark application on March 9, 2010, for

4 the mark "SKULL BREAKER" (Serial No. 77/954247) in Class 9, claiming a first

5 use date of February 1, 2010.  Skullcandy has filed an opposition to this

6 application, because the SKULL BREAKER mark applied for by Zeikos is

7 confusingly similar to Skullcandy's SKULLCRUSHER mark as well as its

8 SKULLCANDY mark, particularly in light of the fact that Zeikos seeks to use the

9 SKULL BREAKER mark on or in connection with identical or closely-related

10 goods.

11       24.    On information and belief, Defendants have marketed and sold—

12 including at the Consumer Electronics Show in Las Vegas, Nevada in January

13 2012—a line of headphones (the "Accused Headphones") that are virtually

14 identical in appearance to the patented design of Skullcandy's highly successful

15 Aviator line of headphones.  Indeed, the side-by-side comparisons below

16 demonstrate the extent to which Defendants have misappropriated Skullcandy's

17 patented Aviator design, which design is protected by the 'D356 Patent and 'D776

18 Patents:

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

8

Complaint
Demand for Jury Trial

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 'D356 Patent | Accused Headphones |
|---|---|
|  |  |
|  |  |

Fig. 4

Fig. 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

9

Complaint
Demand for Jury Trial

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 'D776 Patent | Accused Headphones |
|---|---|
| <br>Fig. 4 |  |
| <br>Fig. 3 |  |

# FIRST CLAIM FOR RELIEF

## Lanham Act - Federal Trademark Infringement - 15 U.S.C. § 1114

25.     Skullcandy incorporates by reference the factual allegations set forth above.

26.     Skullcandy is the owner of all rights, title, and interest in and to the '754 Registration and the '695 Registration (collectively "the Skullcandy Registrations"), including the right to sue for and recover all past, present and future damages for infringement of the rights conferred by the Skullcandy Registrations.

27.     The trademarks reflected in the Skullcandy Registrations (the "Skullcandy Marks") are strong and distinctive, designating Skullcandy as the source of all products advertised, marketed, sold or used in connection with the Skullcandy Marks.

28.     As described above, Defendants have used and continue to use in commerce iterations of the word "Skull" (including "Skull Breaker") as trademarks, as well as various skull logos and designs (the "Accused Marks") in association with a variety of products, including headphones, ear buds, and speakers.

29.     Skullcandy is the senior user of the Skullcandy Marks, as it began use of the marks in interstate commerce prior to Defendants' first use of the Accused Marks.

30.     Defendants do not have authorization, license or permission from Skullcandy to use the Skullcandy Marks, which are confusingly similar to the Accused Marks.

31.     On information and belief, Defendants' use of the Accused Marks was intended to confuse consumers into believing that Defendants' products incorporating those marks originated from, are licensed, sponsored or approved by, or are somehow affiliated, connected, or associated with Skullcandy.  Thus,

1    Defendants' unauthorized use of the Skullcandy Marks was, and continues to be,

2    knowing, intentional, and willful.

3            32.    On information and belief, Defendants' use of the Accused Marks

4    is likely to cause confusion or mistake, or to deceive as to the source, origin,

5    affiliation or sponsorship of Defendants' products.

6            33.    As a direct and proximate result of Defendants' wrongful conduct,

7    Skullcandy has been and will continue to be damaged.

8            34.    Defendants' actions thus constitute trademark infringement in

9    violation of the Lanham Act, 15 U.S.C. §1114.

10           35.    Unless an injunction is issued enjoining any continuing or future

11   use of the Accused Marks, such continuing or future use is likely to continue to

12   cause confusion, mistake or to deceive as to source, origin, affiliation or

13   sponsorship, and thereby to damage Skullcandy irreparably.

14           36.    Defendants' activities have caused and will cause irreparable harm

15   to Skullcandy for which it has no adequate remedy at law, in that (i) the

16   Skullcandy Marks comprise unique and valuable property rights that have no

17   readily determinable market value; (ii) Defendants' infringement constitutes an

18   interference with Skullcandy's goodwill and customer relationships and will

19   substantially harm Skullcandy's reputation as a source of high quality goods and

20   services; and (iii) Defendants' wrongful conduct, and the damages resulting to

21   Skullcandy, are continuing.  Accordingly, Skullcandy is entitled to injunctive relief

22   pursuant to 15 U.S.C. § 1116(a).

23           37.    Pursuant to 15 U.S.C. §1117(a), Skullcandy is entitled to an order:

24   (a) requiring Defendants to account to Skullcandy for any and all profits derived by

25   Defendants from their actions, to be increased in accordance with the applicable

26   provisions of law; and (b) awarding all damages sustained by Skullcandy caused

27   by Defendants' conduct.

28           38.    Defendants' conduct was intentional and without foundation in law,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

12

Complaint
Demand for Jury Trial

1   and thus, pursuant to 15 U.S.C. § 1117(a), Skullcandy is entitled to an award of

2   treble damages against Defendants.

3           39.   Defendants' acts make this an exceptional case under 15 U.S.C.

4   § 1117(a), and Skullcandy is thus entitled to an award of attorneys' fees and costs.

5   **SECOND CLAIM FOR RELIEF**

6   **Lanham Act - Unfair Competition and False Designation of Origin -**

7   **15 U.S.C. § 1125(a)**

8           40.   Skullcandy incorporates by reference the factual allegations set

9   forth above.

10           41.    The Skullcandy Marks are strong and distinctive, designating

11   Skullcandy as the source of all products advertised, marketed, sold or used in

12   connection with the Skullcandy Marks.

13           42.   Skullcandy is the senior user of the Skullcandy Marks, as it began

14   use of the marks in interstate commerce prior to Defendants' first use of the

15   Accused Marks.

16           43.   Defendants were aware of the Skullcandy Marks, as Defendants

17   were on constructive notice based on Skullcandy's longstanding federal

18   registrations, and were put on actual notice at least as early as November 11, 2011,

19   the date of Skullcandy's first letter to Defendants regarding Defendants' ongoing

20   infringement of the Skullcandy Marks.

21           44.   On information and belief, through their use of the Accused Marks,

22   Defendants intended to, and did in fact, confuse and mislead consumers into

23   falsely believing that Defendants' products incorporating those marks originated

24   from, were licensed, sponsored or approved by, or were somehow affiliated,

25   connected, or associated with Skullcandy.

26           45.   In fact, there is no connection, association, or licensing relationship

27   between Skullcandy and Defendants, nor has Skullcandy ever authorized, licensed

28   or given permission to Defendants to use the Skullcandy Marks in any manner

LATHAM&WATKINS™
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

13

Complaint
Demand for Jury Trial

1    whatsoever.

2        46.    On information and belief, Defendants' use of the Accused Marks

3    is likely to cause confusion as to the origin and authenticity of Defendants' skull-

4    related products and is likely to cause the mistaken belief that there is a

5    relationship between Defendants and Skullcandy.

6        47.    As a direct and proximate result of Defendants' wrongful conduct,

7    Skullcandy has been and will continue to be damaged.

8        48.    Defendants' actions thus constitute false designation of origin and

9    unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

10        49.    Unless an injunction is issued enjoining any continuing or future

11    use of the Accused Marks, such continuing or future use is likely to continue to

12    cause confusion, mistake or to deceive as to source, origin, affiliation or

13    sponsorship, and thereby to damage Skullcandy irreparably.

14        50.    Defendants' activities have caused and will cause irreparable harm

15    to Skullcandy for which it has no adequate remedy at law, in that (i) the

16    Skullcandy Marks comprise unique and valuable property rights that have no

17    readily determinable market value; (ii) Defendants' infringement constitutes an

18    interference with Skullcandy's goodwill and customer relationships and will

19    substantially harm Skullcandy's reputation as a source of high quality goods and

20    services; and (iii) Defendants' wrongful conduct, and the damages resulting to

21    Skullcandy, are continuing.  Accordingly, Skullcandy is entitled to injunctive relief

22    pursuant to 15 U.S.C. § 1116(a).

23        51.    Pursuant to 15 U.S.C. §1117(a), Skullcandy is entitled to an order:

24    (a) requiring Defendants to account to Skullcandy for any and all profits derived by

25    Defendants from their actions, to be increased in accordance with the applicable

26    provisions of law; and (b) awarding all damages sustained by Skullcandy caused

27    by Defendants' conduct.

28        52.    Defendants' conduct was intentional and without foundation in law,

1    and thus, pursuant to 15 U.S.C. § 1117(a), Skullcandy is entitled to an award of

2    treble damages against Defendants.

3          53.    Defendants' acts make this an exceptional case under 15 U.S.C.

4    § 1117(a), and Skullcandy is thus entitled to an award of attorneys' fees and costs.

5    **THIRD CLAIM FOR RELIEF**

6    **Patent Infringement – 35 U.S.C. § 271**

7          54.    Skullcandy incorporates by reference the factual allegations set

8    forth above.

9          55.    Defendants have infringed and continue to infringe the 'D356 and

10   'D776 Patents by using, selling and/or offering to sell in the United States, and/or

11   importing into the United States the Accused Headphones, which embody the

12   design covered by the 'D356 and 'D776 Patents.

13         56.    On information and belief, Defendants' infringement of the 'D356

14   and 'D776 Patents has been and continues to be intentional, willful, and without

15   regard to Skullcandy's rights.

16         57.    On information and belief, Defendants have gained profits by virtue

17   of their infringement of the 'D356 and 'D776 Patents.

18         58.    As a direct and proximate result of Defendants' infringement of the

19   'D356 and 'D776 Patents, Skullcandy has been and will continue to be damaged.

20         59.    Skullcandy will suffer and is suffering irreparable harm from

21   Defendants' infringement of the 'D356 and 'D776 Patents.  Skullcandy has no

22   adequate remedy at law and is entitled to an injunction against Defendants'

23   continuing infringement of the 'D356 and 'D776 Patents.  Unless enjoined,

24   Defendants will continue their infringing conduct.

25         60.    Defendants' acts make this an exceptional case under 35 U.S.C.

26   § 285, and Skullcandy is thus entitled to an award of attorneys' fees.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

15

Complaint
Demand for Jury Trial

1                               **FOURTH CLAIM FOR RELIEF**

2   **Unfair Competition - California Business & Professions Code §§ 17200 _et seq._**

3               61.     Skullcandy incorporates by reference the factual allegations set

4 forth above.

5               62.     The above-described acts and practices by Defendants are likely to

6 confuse, mislead or deceive the general public and therefore constitute unfair and

7 fraudulent business practices in violation of California Business & Professions

8 Code §§ 17200, _et seq._

9               63.     The above-described acts further constitute business acts that

10 violate Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a),

11 and 35 U.S.C. § 271, and are therefore unlawful.

12               64.     The unfair, unlawful, and fraudulent business practices of

13 Defendants described above present a continuing threat and are meant to deceive

14 members of the public.

15               65.     As a direct and proximate result of Defendants' wrongful conduct,

16 Skullcandy has been injured in fact and has lost money and profits, and has

17 suffered injury to its reputation and goodwill.  Such harm will continue unless

18 Defendants' acts are enjoined by the Court.  Skullcandy has no adequate remedy at

19 law.  Accordingly, Skullcandy is entitled to an injunction prohibiting Defendants

20 from continuing the practices described above.

21                                 **FIFTH CLAIM FOR RELIEF**

22                    **Common Law Trademark Infringement**

23               66.     Skullcandy incorporates by reference the factual allegations set

24 forth above.

25               67.     Skullcandy has valid and protectable common law rights in the

26 Skullcandy Marks.

27               68.     Skullcandy has valid and protectable common law rights in the

28 SKULLCRUSHER mark.

LATHAM&WATKINS™
ATTORNEYS AT LAW
ORANGE COUNTY
OC\1473055.2
16
Complaint
Demand for Jury Trial

69. Skullcandy is the senior user of the Skullcandy Marks and the SKULLCRUSHER mark.

70. Defendants' conduct, as described above, constitutes infringement of Skullcandy's common law rights in the Skullcandy Marks and the SKULLCRUSHER mark.

71. Defendants' use of the Accused Marks on or in connection with unauthorized products, as described above, is likely to cause confusion as to the origin of Defendants' products and is likely to cause the mistaken belief that there is a relationship between Defendants and Skullcandy.

72. Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of the reputation of Skullcandy and the substantial goodwill it has built up in the Skullcandy Marks and the SKULLCRUSHER mark.

73. As a direct and proximate result of Defendants' wrongful conduct, Skullcandy has been and will continue to be damaged.

74. Unless an injunction is issued enjoining any continuing or future use by Defendants of the various skull-related designs, logos, and product names/descriptions described above, such continuing or future use is likely to continue to cause confusion and thereby to damage Skullcandy irreparably. Skullcandy has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### Common Law Unfair Competition

75. Skullcandy incorporates by reference the factual allegations set forth above.

76. Skullcandy has expended significant time and expense in developing the Skullcandy Marks and the high-quality products it markets and sells under those marks. The Skullcandy Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

77.     Through their actions as described above, Defendants have misappropriated Skullcandy's efforts and are exploiting the Skullcandy Marks and Skullcandy's reputation to market and sell their own products that utilize the Accused Marks, which are confusingly similar to the Skullcandy Marks.  These actions constitute unfair competition.

78.     As a direct and proximate result of Defendants' wrongful conduct, Skullcandy has been and will continue to be damaged.

79.     Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Skullcandy will continue to be damaged irreparably. Skullcandy has no adequate remedy at law.

80.     On information and belief, Defendants have acted willfully, intentionally and maliciously, such that Skullcandy is entitled to punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

81.     Skullcandy incorporates by reference the factual allegations set forth above.

82.     An actual and justiciable controversy has arisen and now exists between Skullcandy and Defendants, in that Skullcandy contends that (a) Defendants' use of the Accused Marks (including their use of the SKULL BREAKER mark), constitutes trademark infringement, false designation of origin, and unfair competition under the Lanham Act and state law, and (b) the SKULL BREAKER mark should not be registered by the Patent and Trademark Office. Defendants contend that their products and conduct is not infringing, and that the SKULL BREAKER application should be accepted by the Patent and Trademark Office and a registration issued.

83.     Skullcandy desires a judicial determination and declaration of Defendants' rights with respect to (a) the use of the Accused Marks, including the use of the SKULL BREAKER mark, on or in connection with Defendants'

1    products, and (b) the SKULL BREAKER application.

2        84.    A judicial determination is necessary and appropriate at this time

3    under the circumstances to provide a complete and final adjudication of all of the

4    issues in this action, in the interests of judicial efficiency and finality, and to ensure

5    consistency in the rulings of this Court and the Patent and Trademark Office.

6        85.    Skullcandy therefore requests a judicial declaration that

7    (a) Defendants' above-described use of the Accused Marks, including their use of

8    the SKULL BREAKER mark, infringes the Skullcandy Marks and the

9    SKULLCRUSHER mark, and creates a false designation of origin; (b) Defendants

10   are unfairly competing with Skullcandy; (c) the Patent and Trademark Office is

11   ordered to sustain the Opposition to the SKULL BREAKER mark in favor of

12   Skullcandy and against Defendants; and (d) Defendants are prohibited from filing

13   any future applications for the SKULL BREAKER mark or any marks likely to

14   cause confusion with the Skullcandy Marks or the SKULLCRUSHER mark.

15                                    **PRAYER**

16       WHEREFORE, SKULLCANDY prays for the following relief:

17       A.    A judgment that, by the acts complained of above, Defendants have

18   infringed the Skullcandy Marks in violation of 15 U.S.C. § 1114.

19       B.    A judgment that, by the acts complained of above, Defendants have

20   created a false designation of origin and/or a false representation of association, in

21   violation of 15 U.S.C. § 1125(a).

22       C.    A preliminary and permanent injunction ordering that Defendants,

23   their officers, agents, servants, employees, and attorneys, and all other persons who

24   are in active concert or participation with them, who receive actual notice of the

25   injunction order by personal or other service:

26       (1) cease all use and never use the Accused Marks (including the

27   SKULL BREAKER mark), the Skullcandy Marks, the SKULLCRUSHER mark,

28   or any other mark likely to cause confusion with the Skullcandy Marks or

SKULLCRUSHER mark, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

(2) never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided or sold by Defendants are in any manner associated or connected with Skullcandy, or are licensed, approved or authorized in any way by Skullcandy;

(3) never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief that Defendants, or any of their goods or services, are related to, authorized or sponsored by Skullcandy;

(4) never unfairly compete with Skullcandy in any manner whatsoever, or engage in any unfair, fraudulent or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing the Skullcandy Marks;

(5) withdraw all pending federal and state trademark applications for the SKULL BREAKER mark, and never apply for or seek to register any mark that is likely to cause confusion with the Skullcandy Marks.

D.   An order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with this Court and to serve upon Skullcandy's counsel, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.   A judgment that, by the acts complained of above, Defendants have infringed the 'D356 and 'D776 Patents in violation of 35 U.S.C. §271.

F.   A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, who receive actual notice of the

1  injunction order by personal or other service from further acts of infringement of

2  the 'D356 and 'D776 Patents.

3         G.   An order finding that, by the acts complained of above, Defendants

4  have engaged in unfair competition and acts of unfair and deceptive business

5  practices in violation of California Business & Professions Code §§ 17200 *et seq.*

6         H.   An order finding that, by the acts complained of above, Defendants

7  have engaged in common law trademark infringement.

8         I.   An order finding that, by the acts complained of above, Defendants

9  have engaged in common law unfair competition.

10         J.   An order declaring that (a) the Accused Marks infringe the Skullcandy

11  Marks and SKULLCRUSHER mark, and create a false designation of origin;

12  (b) Defendants are unfairly competing with Skullcandy; (c) the Patent and

13  Trademark Office is ordered to sustain the Opposition to the SKULL BREAKER

14  mark in favor of Skullcandy and against Defendants; and (e) Defendants are

15  prohibited from filing any future applications for the SKULL BREAKER mark or

16  any marks likely to cause confusion with the Skullcandy Marks or

17  SKULLCRUSHER mark.

18         K.   An order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to

19  account to Skullcandy for any and all profits derived from their unlawful and

20  infringing conduct.

21         L.   An order awarding Skullcandy damages as follows:

22         (1) pursuant to 15 U.S.C. § 1117(a), Skullcandy's actual damages, as

23  well as all of Defendants' profits or gains of any kind from their acts of trademark

24  infringement, false designation of origin, and unfair competition, including a

25  trebling of those damages;

26         (2) all damages adequate to compensate Skullcandy for Defendants'

27  infringement of the 'D356 Patent, and in no event less than a reasonable royalty for

28  Defendants' acts of infringement;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1473055.2

21

Complaint
Demand for Jury Trial

1          (3) pursuant to 35 U.S.C. § 284, all damages, including treble

2   damages, based on any infringement of the 'D356 Patent found to be willful;

3          (4) pursuant to 35 U.S.C. § 289, all of Defendants' profits from their

4   acts of infringement of the 'D356 Patent;

5          (5) all damages adequate to compensate Skullcandy for Defendants'

6   infringement of the 'D776 Patent, and in no event less than a reasonable royalty for

7   Defendants' acts of infringement;

8          (6) pursuant to 35 U.S.C. § 284, all damages, including treble

9   damages, based on any infringement of the 'D776 Patent found to be willful;

10          (7) pursuant to 35 U.S.C. § 289, all of Defendants' profits from their

11   acts of infringement of the 'D776 Patent;

12          (8) punitive damages based on Defendants' unfair competition under

13   California common law.

14       M. An order pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 285,

15   finding that this is an exceptional case and awarding Skullcandy its reasonable

16   attorneys' fees.

17       N. An order awarding Skullcandy all of its costs, disbursements and

18   other expenses incurred due to Defendants' unlawful conduct, pursuant to 15

19   U.S.C. § 1117(a).

20       O. An order awarding Skullcandy interest.

21       P. An order awarding Skullcandy such other relief as the Court may

22   deem appropriate.

23   Dated: September 18, 2012      LATHAM & WATKINS LLP

24

25                 By _____

26                 Perry J. Viscounty
                   Jennifer L. Barry
                   David D. Troutman

27                 Attorneys for Plaintiff
                   SKULLCANDY, INC.

28

1

## JURY DEMAND

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule

3   38-1, Plaintiff hereby demands a trial by jury.

4   Dated:  September 18, 2012                LATHAM & WATKINS LLP

5

6                                      By

7                                          Perry J. Viscounty
                                          Jennifer L. Barry
8                                          David D. Troutman

9                                          Attorneys for Plaintiff
                                          SKULLCANDY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1572 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[ ] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| SKULLCANDY, INC., a Delaware corporation, | ) ) ) | |
| _Plaintiff(s)_ | ) ) ) | **SACV12 - 01572 AG (JPRx)** |
| v. | ) ) | Civil Action No. |
| ZEIKOS, INC., a New York corporation; and DOES 1-10, | ) ) ) ) | |
| _Defendant(s)_ | ) ) | |

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> David D. Troutman
> Latham & Watkins LLP
> 650 Town Center Drive, 20th Floor
> Costa Mesa, CA  92626-1925

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:  SEP 18 2012

**DODJIE LAGMAN**

_Signature of Clerk or Deputy Clerk_

F C/

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| SKULLCANDY, INC., a Delaware corporation. | ZEIKOS, INC., a New York corporation; and DOES 1-10. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David D. Troutman, LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, California 92626-1925; Telephone: (714) 540-1235 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114-Trademark Infringement; 15 U.S.C. §1125(a)- Unfair Competition/False Designation of Origin; 35 U.S.C. § 271- Patent Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV12 - 01572 AG (JPRx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) · CIVIL COVER SHEET · Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   September 18, 2012

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |